**UNITED STATES COURT OF APPEALS**

**February 8, 2011**

**FOR THE TENTH CIRCUIT**

WILLIAM WILSON,

        Plaintiff-Appellant,

v.

CITY OF AURORA, Colorado, a
municipality; DANIEL OATES, Chief
of the Aurora Police Department, in
his official capacity; RICKY
BENNETT, Former Chief of the
Aurora Police Department, in his
individual capacity; TERRY JONES,
Former Acting Chief of the Aurora
Police Department, in his individual
capacity; KENNETH HAITHCOAT,
Former Detective in the Aurora Police
Department, in his individual
capacity; PAT SMITH, Sergeant in
the Aurora Police Department, in his
individual and official capacities;
STEVEN COX, Detective in the
Aurora Police Department, in his
individual and official capacities;
CAROL CHAMBERS, District
Attorney of the Eighteenth Judicial
District, in her official capacity;
CAROLYN O'HARA, Former Deputy
District Attorney of the Eighteenth
Judicial District, in her individual
capacity; JIM PETERS, Former
District Attorney of the Eighteenth
Judicial District, in his individual
capacity; EIGHTEENTH JUDICIAL
DISTRICT of COLORADO, political
subdivision of the State of Colorado,

        Defendants-Appellees.

No. 10-1408
(D.C. No. 1:09-CV-02138-WYD-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES** and **McKAY**, Circuit Judges, and **PORFILIO**, Senior Circuit Judge.

William Wilson appeals the district court's decision that his 42 U.S.C. § 1983 claims are time-barred. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

The initial complaint, filed in September 2009, alleged that defendants violated Mr. Wilson's civil rights by investigating him, searching his residence, causing the destruction of his business, and engaging in a conspiracy against him. In November, he filed an amended complaint with the same § 1983 claims and a new claim alleging state-law violations. As in the initial complaint, most of the events specifically described were in 2002 (the initial investigation), 2003 (further investigation and the search), and 2004 (the closure of his business), while the conspiracy was described as ongoing between 2002 and 2009. The magistrate judge concluded that those § 1983 claims that were adequately pleaded

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fell outside the two-year limitations period. He recommended that the district court dismiss the claims as time-barred and that the court decline to exercise federal jurisdiction over the state-law claims and dismiss them without prejudice.

Subsequently, Mr. Wilson filed a motion for leave to file a second amended complaint and a proposed second amended complaint. The magistrate judge recommended denying leave to amend because the proposed second amended complaint failed to comply with Federal Rule of Civil Procedure 8; it failed to allege any plausible claim that was not time-barred; and it came too late.

Because Mr. Wilson objected to both recommendations, the district court engaged in a de novo review. Regarding dismissal, the court agreed with the magistrate judge that the § 1983 claims accrued, for limitations purposes, in 2003 and 2004; there were no sufficient allegations to support the tolling of the limitations period; and the conclusory allegations of a conspiracy lasting into 2009 were insufficient to invoke a continuing violation theory. Accordingly, the court dismissed the § 1983 claims as time-barred. The court also declined to exercise supplemental jurisdiction over the state-law claims and dismissed them without prejudice. Regarding amendment, the court concluded that granting leave to amend would be futile because the statute of limitations would still bar the claims in the proposed second amended complaint. Thus, the court entered judgment for the defendants.

On appeal, Mr. Wilson argues that the defendants' actions constituted an ongoing conspiracy that precludes application of the limitations period. We note that his brief cites to his second amended complaint. That complaint, however, was never filed, and on appeal Mr. Wilson does not present any argument challenging the denial of his motion for leave to amend. Thus, the relevant allegations are those contained in the amended complaint. Having reviewed the parties' briefs and the appellate record, we affirm the district court's decision for substantially the reasons stated in the report and recommendation filed on May 19, 2010, and the order adopting the recommendation filed on September 2, 2010.

Mr. Wilson also argues that the court erred in dismissing the claims against one defendant based on Eleventh Amendment immunity. While the report and recommendation discussed Eleventh Amendment immunity, the district court's judgment on all of the § 1983 claims rested only on the statute of limitations. Therefore, we need not address any Eleventh Amendment issues.

Defendants' Motion to Dismiss Appeal or for Summary Disposition, or in the Alternative, Motion to Supplement the Record is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-4-